NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ULICES GARCIA AYALA, | No. 17-70491 |
| Petitioner, | Agency No. A205-316-649 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Ulices Garcia Ayala, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to remand

and dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal and relief under the Convention

Against Torture ("CAT"), and his motion for a continuance. We have jurisdiction

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny in part and grant in part the petition for review, and we remand.

Garcia Ayala does not raise any challenge to the agency's determination that he failed to establish changed or extraordinary circumstances to excuse his untimely asylum application.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, we deny the petition for review as to Garcia Ayala's asylum claim.

The BIA did not err in finding that Garcia Ayala failed to establish membership in a cognizable particular social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting

2

*Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding that "returning Mexicans from the United States" did not constitute a particular social group). Thus, Garcia Ayala's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Garcia Ayala failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not abuse its discretion in denying Garcia Ayala's motion to remand because he failed to demonstrate prima facie eligibility for the relief sought. *See Lopez-Vasquez*, 706 F.3d at 1080 ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief."); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements for a motion to reopen and a motion to remand are the same."). Garcia Ayala's contentions that the BIA violated his due process rights by denying his motion to remand fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The BIA failed to address Garcia Ayala's contentions that the IJ deprived him of due process by denying his motion for a continuance to investigate his eligibility for cancellation of removal. *See Montes-Lopez v. Gonzales*, 486 F.3d

3

1163, 1165 (9th Cir. 2007) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). Thus, we grant the petition for review and remand to the agency for further proceedings consistent with this disposition. *See id.*; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**